UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EMCASCO INSURANCE COMPANY,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 2:24-cv-465-ACA |
| ] | |
| **C.A.T. CONTRACTING LLC, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

Defendant Robson Contractors, Inc. sued Defendant C.A.T. Contracting LLC in state court for breach of implied warranty of fitness, breach of implied warranty of good workmanship, breach of contract, and common law indemnity. (Doc. 1 ¶ 23). C.A.T. Contracting sought defense and indemnity for those claims from its insurer, Plaintiff EMCASCO Insurance Company. (*Id.* ¶ 25). EMCASCO filed this action seeking a declaratory judgment that it does not have a duty to defend or indemnify C.A.T. Contracting against Robson's claims. (*Id.* ¶¶ 39–63). C.A.T. Contracting moves the court to dismiss or stay the action on the grounds that (1) the court should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), to dismiss the action (doc. 14 at 5–9); and (2) this court lacks

jurisdiction over EMCASCO's request for relief as to its duty to indemnify because those claims are not ripe (*id.* at 9–10).

As explained below, the court **WILL GRANT IN PART** and **WILL DENY IN PART** the motion to dismiss or stay. The court **WILL GRANT** the motion to dismiss the request for declaratory judgment on EMCASCO's duty to indemnify because that request is not ripe. But the court declines to exercise its discretion to dismiss the duty to defend claims and **WILL DENY** the motion to dismiss because C.A.T. Contracting has not met its burden of establishing that dismissal is appropriate under the *Ameritas* factors.

## I.  BACKGROUND

EMCASCO alleges in its complaint that Robson was the general contractor for construction of a residence in Trussville, Alabama and hired C.A.T. Contracting as a subcontractor to "dig[], pour[], and install[] footings for the project." (Doc. 1 ¶¶ 12–13). After the work was complete, "the front steps and front foundation wall on the property began cracking and shifting." (*Id.* ¶ 15). Robson and the homeowners filed separate lawsuits against C.A.T. Contracting, which were consolidated and are currently pending in state court. (*Id.* ¶¶ 14, 18, 20). The state court granted summary judgment in favor of C.A.T. Contracting on the homeowners' claims, but several of Robson's claims against C.A.T. Contracting remain. (*Id.* ¶¶ 22–23). These pending

claims include breach of implied warranty of fitness, breach of implied warranty of good workmanship, breach of contract, and common law indemnity. (Doc. 1 ¶ 22).

EMCASCO insures C.A.T. Contracting and is defending C.A.T. Contracting in the state court action under a reservation of rights. (*Id.* ¶¶ 23–24). EMCASCO moved to intervene in the underlying action "for the purpose of participating in discovery . . . to ascertain the basis of the jury's verdict in the event of a verdict against C.A.T. [Contracting]" and thereafter try the dispute between it and C.A.T. Contracting. (Doc. 14-1 ¶¶ 12–16). The state court initially granted the motion to intervene. (Doc. 19 at 4). But after C.A.T. Contracting opposed the motion (*id.*; *Robson Contractors, Inc. v. C.A.T. Contracting, LLC*, 01-CV-2019-905548, Circuit Court of Jefferson County, Alabama at doc. 33[1]), the state court limited EMCASCO's role as intervenor to receiving notice and copies of discovery exchanged, initiation of discovery activities with leave of court, and submission of special interrogatories to the jury (doc. 19 at 4; doc. 14-3 at 2). Because the state court denied "[a]ny other relief sought by [EMCASCO]," EMCASCO could not present its claims for relief. (Doc. 19 at 4).

---

[1] *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). The court accessed C.A.T. Contracting's opposition to EMCASCO's motion to intervene from Alacourt, an accurate source of Alabama state court filings.

In the absence of an intervenor complaint in the state court proceedings, EMCASCO filed this complaint seeking four declarations by the court absolving EMCASCO of its coverage obligations to C.A.T. Contracting. (Doc. 1). These declarations are that: (1) the policy's "Earth Movement Exclusion" excludes coverage for claims of property damage (*id.* ¶¶ 39–44); (2) faulty construction does not fall within the policy's definition of an "occurrence" (*id.* ¶¶ 45–51); (3) property damage is excluded from coverage pursuant to the policy's "Contractual Liability Exclusion" (*id.* ¶¶ 52–56); and (4) claims for property damage are excluded from coverage under the policy's "Builder's Risk Exclusion" (doc. 1 ¶¶ 57–63). C.A.T. Contracting moves to dismiss or stay EMCASCO's action. (Doc. 14).

**II.   DISCUSSION**

C.A.T. Contracting advances two arguments why the court should dismiss or stay the federal action. First, it maintains this court should decline to exercise its jurisdiction pending resolution of the underlying state court action. (*Id.* at 5–9). Second, it contends that EMCASCO's request to be released from its duty to indemnify cannot proceed in this court because that issue is not ripe. (*Id.* at 9–10). The court addresses both arguments below.

      1.   <u>Ripeness</u>

The parties debate whether EMCASCO's request for declaratory judgment relief as to its duty to indemnify C.A.T. Contracting is ripe for adjudication. (*Id.* at

4

9–10; doc. 19 at 14–15). "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "A case or controversy must exist at the time the declaratory judgment action is filed." *GTE Directories Publ'g Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1568 (11th Cir. 1995). If the court lacks subject matter jurisdiction over a claim or an action, it must dismiss that claim or action. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013).

One aspect of the court's subject matter jurisdiction under Article III is ripeness. *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1202 n.2 (11th Cir. 2021). A claim is not ripe if it is "contingent on future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (alteration and quotation marks omitted); *see also Digit. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (holding that even if a claim meets the "constitutional minimum" for ripeness, "prudential considerations may still counsel judicial restraint").

It is well settled that an insurer's request for a declaration about its duty to indemnify is not ripe until a judgment has been entered against the insured. *See Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 455, 461 (5th Cir. 1960)[2]; *see also Allstate Ins. Co. v. Emps. Liab. Assur. Corp.*, 445

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

F.2d 1278, 1281 (5th Cir. 1971); *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770–71 (11th Cir. 2019) (affirming the district court's dismissal of the insurer's duty to indemnify claims for lack of ripeness); *J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims."). In the absence of a judgment against C.A.T. Contracting, EMCASCO's complaint must be dismissed to the extent it seeks declarations relating to its duty to indemnify.[3]

Accordingly, the court **WILL DISMISS** the unripe duty to indemnify claims **WITHOUT PREJUDICE**.

> 2. The Court's Discretion to Exercise Jurisdiction over Claims Under the Declaratory Judgment Act

C.A.T. Contracting contends that the court should decline to exercise jurisdiction over this declaratory judgment action. (Doc. 14 at 5–9; doc. 19 at 6–14). A federal district court has discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277,

---

[3] EMCASCO alternatively argues that the court should retain jurisdiction over the claims related to EMCASCO's duty to indemnify. (Doc. 19 at 14–15). The court is not persuaded. A court cannot "retain jurisdiction" without having jurisdiction in the first place. Even if the court had the power to stay the unripe claim, the court would exercise its discretion to decline jurisdiction under the Declaratory Judgment Act. *See, e.g.*, *Smith v. Casey*, 741 F.3d 1236, 1244–45 (11th Cir. 2014) (holding that the district court was within its discretion to dismiss an unripe claim under the Declaratory Judgment Act).

282 (1995) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942)). This discretion is "unique and substantial." *Wilton*, 515 U.S. at 286; *see* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration.").

In *Ameritas Variable Life Ins. Co. v. Roach*, the Eleventh Circuit identified nine, non-exclusive factors for district courts to use in evaluating whether to exercise jurisdiction over a declaratory judgment action. 411 F.3d 1328 (11th Cir. 2005). These factors include weighing the state's interest in state courts deciding the issue presented, the likelihood the action will settle the controversy or otherwise serve a useful purpose in clarifying the legal relationships, the extent to which procedural fencing is involved, and whether alternative remedies are involved. *James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1059–60 (11th Cir. 2022). C.A.T. Contracting argues that the court should decline to entertain this case because the *Ameritas* factors weigh in favor of dismissal. (Doc. 14 at 6–9).

EMCASCO contends that the state and federal actions are not "parallel," and therefore the court should not consider the *Ameritas* factors. (Doc. 19 at 7 (citing *Employers Mut. Cas. Co. v. Kenny Hayes Custom Homes, LLC*, 101 F.Supp.3d 1186, 1189)). But the existence of parallel state court proceedings is not required for the court to consider the *Ameritas* factors. *Nat'l Tr. Ins. Co. v. S. Heating & Cooling*

*Inc.*, 12 F.4th 1278, 1287 (11th Cir. 2021). Indeed, the similarity between the cases is encompassed in, not discrete from, those factors. *Nat'l Tr.*, 12 F.4th at 1287; *James River*, 34 F.4th at 1060; *Kenny Hayes*, 101 F.Supp.3d at 1189. And in any event, the court is not limited to the *Ameritas* factors when determining whether to entertain an action under the Declaratory Judgment Act. Accordingly, the court will proceed under a totality-of-the-circumstances standard which includes, among other things, the *Ameritas* guideposts. *Nat'l Tr.*, 12 F.4th at 1286.

There is no doubt that the State of Alabama has a strong interest in having insurance coverage disputes settled in state courts. In fact, EMCASCO attempted to honor that interest by first moving to intervene in the underlying state court action and proposing a bifurcated trial in which EMCASCO's obligations under the policy would be determined after the jury's determination of C.A.T. Contracting's liability to Robson. (*See* doc. 14-1). But C.A.T. Contracting objected (*Robson Contractors*, 01-CV-2019-905548 at doc. 33), and EMCASCO's effort failed (s*ee* doc. 14-3 at 2).

As grounds for its objection, C.A.T. Contracting asserted concerns that it would be prejudiced if the jury learned it was insured, stated the court had discretion in determining whether to intervene, and cited an Eleventh Circuit case relating to intervention of right (as opposed to the permissive intervention EMCASCO sought). (*Robson Contractors*, 01-CV-2019-905548 at doc. 33). Finally, C.A.T. Contracting asserted that allowing intervention would be prejudicial because it "would have to

8

prosecute two unrelated actions within the confines of the present litigation." (*Id.*, doc. 33 at 3).

To avoid those risks, C.A.T Contracting proffered an alternative "adequate means of protecting [EMCASCO's] alleged interest[:] . . . initiate a declaratory judgment action. (*Id.*, doc. 33 at 4). Characterizing a declaratory judgment action as "by far the most efficient and effective" and "least prejudicial" means for EMCASCO to address its coverage concerns in the underlying action, C.A.T. Contracting declared that there "[wa]s simply no reason why all coverage issues . . . should not be litigated in a separate declaratory judgment action." (*Id.*).

With no alternative remedy available, EMCASCO has now filed the separate declaratory judgment action C.A.T. Contracting lauded as the most efficient and effective means to address the parties' coverage dispute. Because of C.A.T. Contracting's previous procedural fencing, EMCASCO's claims here are the only way to settle and/or clarify the legal relationship between EMCASCO and C.A.T. Contracting. And the denial of EMCASCO's attempt to intervene in the underlying state action to protect its rights substantially reduces or eliminates the risk of overlapping judicial effort or friction between state and federal courts if this court exercises its jurisdiction. (Doc. 19 at 1, 4; doc. 14-3 at 2); *see James River*, 34 F.4th at 1062. For these reasons, C.A.T. Contracting's motion to dismiss EMCASCO's declaratory judgment action on its duty to defend is due to be denied.

## III.   CONCLUSION

For the reasons stated above, the court **WILL GRANT IN PART** and **WILL DENY IN PART** C.A.T. Contracting's motion to dismiss or stay. The court **WILL GRANT** the motion to dismiss EMCASCO's request for declaratory judgment on its duty to indemnify because that request is not ripe. Accordingly, the court **WILL DISMISS** EMCASCO's claims for declaratory judgment relief **WITHOUT PREJUDICE** insofar as the claims relate to EMCASCO's duty to indemnify C.A.T. Contracting. But the court **WILL DENY** the motion to dismiss EMCASCO's duty to defend claims because C.A.T. Contracting has not established adequate grounds upon which the court should decline to entertain this action under the Declaratory Judgment Act.

**DONE** and **ORDERED** this November 5, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE